274 So.2d 653

Ex parte Terry McDANIEL.

5 Div. 176.

Court of Criminal Appeals of Alabama.

Feb. 16, 1973.

Rehearing Denied March 13, 1973.

---

1. Arthur N. Bishop, "Broken Bargains," Journal of Urban Law, 50: 231–232, November, 1972.

J. Tom Radney, Alexander City, for petitioner.

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

PER CURIAM.

1. There was no valid appointment of three reputable practitioners within Tit. 15, § 425, Code of Alabama, 1940. Seibold v. State, 287 Ala. 549, 253 So.2d 302, at page 555, 253 So.2d 302.

2. The petitioner, prior to arraignment, was at liberty under bail. Hence, Ex parte State ex rel. Patterson, 268 Ala. 524, 108 So.2d 448, applies.

3. The petitioner has made no claim of present insanity. His pleas to the indictment were not guilty and not guilty by reason of insanity. This later plea brings into issue the petitioner's insanity at the time of the commission of the alleged offense only. With the record in this posture the petitioner's present sanity is not at issue. Hawkins v. State, 267 Ala. 518, 103 So.2d 158. Furthermore, a finding by the proposed lunacy commission would not be a bar to prosecution, and neither would the report be binding on the trial court or on a jury. *Hawkins*, supra; George v. State, 240 Ala. 632, 200 So. 602.

Let the writ of habeas corpus issue and the petitioner be remanded to the custody of the Sheriff of Tallapoosa County.

CATES, P. J., and ALMON, TYSON and HARRIS, JJ., concur.